[993 NYS2d 776]

In the Matter of DAVID A. COLLINS, a Suspended Attorney, Resignor.

Second Department, October 22, 2014

APPEARANCES OF COUNSEL

*Robert A. Green*, Hauppauge (*Michael Fuchs* of counsel), for Grievance Committee for the Tenth Judicial District.

*Richard E. Grayson*, White Plains, for resignor.

## OPINION OF THE COURT

Per Curiam.

David A. Collins has submitted an affidavit dated March 24, 2014, wherein he tenders his resignation as an attorney and counselor-at-law (*see* 22 NYCRR 691.9). He was admitted to the bar at a term of the Appellate Division of the Supreme Court in the First Judicial Department on October 6, 1997. By opinion and order of this Court dated October 17, 2012, Mr. Collins was suspended from the practice of law for a period of one year commencing November 13, 2012, and continuing until further order of the Court (*see Matter of Collins*, 100 AD3d 257 [2012]). He has not been reinstated.

Mr. Collins acknowledges that he is the subject of an investigation into his professional conduct, wherein evidence has been adduced that he continued to engage in the practice of law following his suspension, and that he misappropriated funds belonging to another, which were entrusted to him. He acknowledges that he could not successfully defend himself on the merits against disciplinary charges predicated upon the foregoing.

Mr. Collins avers that his resignation is freely and voluntarily tendered, and that he is not being subjected to coercion or duress by anyone. He has discussed his resignation with his counsel, among others, and is fully aware of the implications of submitting his resignation, including the fact that he is barred from applying for reinstatement for a minimum period of seven years. His resignation is submitted subject to any application that may be made by the Grievance Committee for the Tenth Judicial District for an order directing that he make restitution, and that he reimburse the Lawyers' Fund for Client Protection, pursuant to Judiciary Law § 90 (6-a) (a). He acknowledges the continuing jurisdiction of the Appellate Division, Second Judicial Department to make such an order, which may be entered as a civil judgment against him, pursuant to Judiciary Law § 90 (6-a) (d). He specifically waives the opportunity afforded by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee recommends that the proffered resignation be accepted.

Inasmuch as the proffered resignation complies with the requirements of 22 NYCRR 691.9, it is accepted, and effective

immediately, Mr. Collins is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.

MASTRO, J.P., RIVERA, SKELOS, DILLON and HALL, JJ., concur.

Ordered that the resignation of David A. Collins, a suspended attorney, is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, David A. Collins, a suspended attorney, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that David A. Collins, a suspended attorney, shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, David A. Collins, a suspended attorney, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if David A. Collins, a suspended attorney, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and he shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).